UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE R. GORE, JR., and HOPE GORE, | ) ) ) | CASE NO: 5:25-cv-01818 |
| Plaintiffs, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| AMANDA DEANGELIS, *et al.*, | ) ) ) | (Resolves Docs. 6, 8, 9) |
| Defendants. | ) ) ) | |

The matter before the Court is the *Motion to Remand* (the "Motion") filed by Plaintiffs Wayne R. Gore, Jr. and Hope Gore ("Plaintiffs") (Doc. 6) wherein they request an order from the Court remanding the above-captioned matter to the Summit County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) based on a lack of subject matter jurisdiction. Defendants Amanda DeAngelis, Christopher DeAngelis, and Anthony Anderson (collectively, "Defendants") filed their opposition to the Motion (Doc. 8) and Plaintiffs filed an additional reply (Doc. 9).

For the reasons set forth herein, the Motion is GRANTED.

I.  FACTS

Plaintiffs initiated this case in the Summit County Court of Common Pleas in July 2025, following an alleged dog bite incident in September 2023. They assert claims of personal injury and loss of consortium related to injuries incurred by Plaintiff Wayne Gore in the course of his employment as a mail carrier. Doc. 1-1 at pp. 2–5. Defendants filed the Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing the case to this Court on August 29, 2025 and alleging the Court has original jurisdiction based on federal question. Doc. 1 at p. 2. They argue

1

that the Court has federal question jurisdiction under 28 U.S.C. § 1442(a)(1) and 5 U.S.C. § 8132 because the case "involves a claim of injury to an employee of the United States" and "the United States has a direct financial interest in the outcome of this action based on its statutory subrogation claim." Doc. 1 at p. 2. Thereafter, Plaintiffs filed this Motion, wherein they argue that the subrogation issue does not give rise to federal question jurisdiction. Doc. 6.

## II. LAW AND ANALYSIS

With respect to any case originally filed in state court and subsequently removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Jurisdiction is determined by reviewing the complaint at the time of removal. *Ahearn v. Charter Twp.*, 100 F.3d 451, 453 (6th Cir. 1996). Generally, federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Walbridge Aldinger Co. v. City of Detroit*, 296 F. Appx. 527, 531 (6th Cir. 2008). However, 28 U.S.C. § 1442(a)(1), the removal statute, provides that certain civil and criminal actions against a federal agency or officer may be removed from state court under certain circumstances. This statute is an exception to the well-pleaded complaint rule. *See Mesa v. California*, 489 U.S. 121, 136–37 (1989). Under section 1442(a), a defendant that is not a federal officer must "establish that it is a person [] who acted under a federal officer, [] demonstrate that it performed the actions [] under color of federal office, and [] show that it raised a colorable federal defense." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010) (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)) (internal quotation marks omitted). In the *Notice of Removal* (Doc. 1), Defendants do not explain how they believe the statute applies to this case. However, in their *Brief in Opposition* (Doc. 8), it appears they believe the action is removable based on section 1442(a)(1) because *Plaintiff* [Wayne Gore] was an officer of

the United States at the time of the incident. Doc. 8 at p. 2. In so doing, they completely disregard the plain language of the statute, which provides for removal when a *defendant* is an officer or agent of the United States. The intent of this statute was "to provide a federal forum for cases where federal officials must raise defenses arising from their official duties." *Willingham v. Morgan*, 395 U.S. 402, 405 (1969). Accordingly, section 1442(a)(1) does not provide a basis for removal in this case, where the only government officer in question is Plaintiff Wayne Gore, who allegedly suffered injuries while performing official duties. This is not the type of case contemplated by the removal statute.

Defendants also claim that the United States Department of Labor has a right of subrogation [and therefore should have been included as a party to this action] because Plaintiff Wayne Gore alleges injury suffered while he was performing work for the United States Postal Service. Doc. 1 at p. 2. They additionally assert that 5 U.S.C. § 8132 provides the basis for federal question jurisdiction. Doc. 1 at p. 2. Section 8132 establishes a right of reimbursement, where a federal employee that suffered injury or death compensable under the Federal Employees' Compensation Act "shall refund to the United States the amount of compensation paid by the United States." *United States v. Lorenzetti*, 467 U.S. 167, 173 (1984). The statute does not provide for exclusive federal jurisdiction. Further, Defendants appear to solely rely upon this speculative future claim of subrogation. This potential federal element does not transform the state court tort litigation into a proper matter for this Court to adjudicate and the Court finds no basis for federal jurisdiction arising under such a theory. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

### III. CONCLUSION

For the reasons stated above, the *Motion to Remand* (Doc. 6) is GRANTED and the Court REMANDS the case to the Summit County Court of Common Pleas.

IT IS SO ORDERED.

| | |
|---|---|
| November 25, 2025 | */s/ John R. Adams* |
| Date | JOHN R. ADAMS |
| | UNITED STATES DISTRICT JUDGE |